UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MELVIN CHARLESTON                                                        PLAINTIFF

V.                                      CIVIL ACTION NO. 3:22-CV-634-KHJ-LGI

ALLSTATE                                                                 DEFENDANT

ORDER

Before the Court is Plaintiff Melvin Charleston's [10] Motion to Remand. The motion is denied for the following reasons.

Charleston was in a car wreck in January 2021. Compl. [1-1] at 3 ¶ 3. He collided with an uninsured driver who failed to yield to him. *Id.* Charleston sued his insurance company, Defendant Allstate, in the Circuit Court of Hinds County, Mississippi. *Id.* at 3–4. He contends Allstate breached its insurance agreement by failing to pay the full amount of his damages, which exceed Allstate's uninsured motorist policy. *Id.* at 4 ¶ 5. The state-court complaint does not include an amount in controversy, but the attached uninsured motorist policy shows bodily-injury coverage of up to $25,000 for Charleston's injuries and up to $50,000 for property damage. *Id.* at 5–8.

During the discovery process, Allstate propounded admissions to Charleston, seeking to clarify (1) his claims against it and (2) the damages he seeks. [13] at 4. Charleston's response conveyed he seeks extra-contractual damages and brings a bad-faith claim against Allstate. Admis. Resps. [1-2] at 1. It also stated that

Charleston is entitled to over $75,000, exclusive of interest and costs if he proves his claims. *Id.* After receiving Charleston's responses, Allstate removed the case to this Court. Notice Removal [1]. Charleston now seeks to remand this case, contending the Court lacks subject-matter jurisdiction because the amount-in-controversy requirement is not satisfied. [10].

Removal is proper under 28 U.S.C. § 1441(b) when "the face of the complaint supports the assertion of federal [subject-matter] jurisdiction." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995). When, as here, a party premises subject-matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332(a) controls. Section 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different states." "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $ 75,000." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

To determine whether jurisdiction exists, the district court "consider[s] the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* But, in Mississippi, targeted state-court discovery may be used to figure out an uncertain amount in controversy. *Fortune v.*

*XFit Brands, Inc.*, No. 3:18-CV-545, 2018 WL 6332640, at *1–2 (S.D. Miss. Dec. 4, 2018) (discussing and rejecting the Northern District of Mississippi's departure from the rule).

Charleston's sole argument for remand is that 28 U.S.C. § 1332(a)'s amount-in-controversy requirement is not satisfied. [10]. His argument fails, however, because he admitted in his response to Allstate's Requests for Admissions that he seeks more than $75,000 in damages, exclusive of interest and costs. *See* [1-2] at 1–2. Charleston also admits he brings a bad-faith claim against Allstate and also seeks extracontractual damages. *Id.* at 1; *cf. Brasell v. Unumprovident Corp.*, 2:01-CV-202, 2005 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (noting "federal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction"); *but see Evans v. Red Shield Admin., Inc.*, 3:18-CV-464, 2018 WL 4288724, at *2 (S.D. Miss. Aug. 18, 2017) (remanding when plaintiff denied seeking over $75,000, exclusive of interest in costs, and made unspecified punitive damages demand). Whether or not the Court includes Charleston's unspecified claim for extracontractual damages, the amount-in-controversy is satisfied because he admits he seeks more than $75,000 in contractual damages, exclusive of interest and costs.

The Court has considered all arguments. Those not addressed would not have changed the outcome. Plaintiff Melvin Charleston's [10] Motion to Remand is

DENIED. The parties shall immediately notify the assigned Magistrate Judge of this Order and submit a proposed order lifting the stay to her chambers.

SO ORDERED AND ADJUDGED, this the 16th day of May, 2023.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE